■ In the Matter of M. SUZANNE McMAHON, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [674 NYS2d 474] —Per Curiam. Respondent was admitted to practice by this Court in 1992. She maintains a law office in Broome County.

A Referee's report sustained 11 of 13 charges of professional misconduct against respondent. We confirm the report insofar as it sustained nine charges and found two others not proven; we disaffirm the report insofar as it sustained the accusation of conversion of client funds set forth in charge I of the petition and insofar as it sustained that portion of charge XII alleging that respondent's failure to promptly forward a client's file violated Code of Professional Responsibility DR 9-102 (C) (4) (22 NYCRR 1200.46 [c] [4]). The motions by petitioner, the Committee on Professional Standards, and respondent to confirm and disaffirm parts of the report are granted and denied accordingly.

Respondent mishandled her escrow account by commingling personal and client funds in the account; by allowing her son, a non-attorney to whom she entrusted management of the account, to be a signatory thereon; and by failing to maintain adequate books and records of the account (in violation of Code of Professional Responsibility DR 1-102 [A] [5], [8]; DR 9-102 [22 NYCRR 1200.3 (a) (5), (8); 1200.46]). With respect to the com-

mingling charge, the Referee noted that respondent had no larcenous intent and no one suffered any financial loss.

Respondent failed to provide three clients who retained her in domestic relations matters with the required statement of client's rights and responsibilities, which she should have given them at the initial conferences (see, Code of Professional Responsibility DR 1-102 [A] [5] [22 NYCRR 1200.3 (a) (5); 1200.47, 1400.2]). She failed to enter into required written retainer agreements with two of the clients and then improperly charged and collected a fee from them; the written retainer ·agreement with the third client was not in the proper form and content (see, Code of Professional Responsibility DR 1-102 [A] [5], [8]; DR 2-106 [C] [2] [B] [22 NYCRR 1200.3 (a) (5), (8); 1200.11 (c) (2) (b); 1400.3]). The two clients and a fourth domestic relations client arbitrated the fees respondent charged and obtained awards in their favor. Respondent delayed paying the awards until shortly before the hearing commenced before the Referee (see, Code of Professional Responsibility DR 1-102 [A] [5], [8]; DR 2-106 [E] [22 NYCRR 1200.3 (a) (5), (8); 1200.11 (e); 1400.7]).

Respondent neglected a legal matter entrusted to her by a mental patient who had been in and out of hospitals for many years. It appears the out-patient client, who paid respondent $5,000, sought amelioration of hospital conditions and damages for alleged mistreatment. Although respondent expended time and energy investigating and researching her client's allegations and the possibility of a lawsuit for about two years, the matter essentially languished and the client discharged her. Respondent then delayed forwarding the client's file to his new counsel (see, Code of Professional Responsibility DR 1-102 [A] [5]; DR 2-110 [A] [2] [22 NYCRR 1200.3 (a) (5); 1200.15 (a) (2)]).

Finally, respondent failed to accord petitioner full and prompt cooperation.

It is clear from the many letters and affidavits submitted on respondent's behalf that she is a person of good moral character and that she zealously represents her clients. On the other hand, as noted by the Referee, it is also clear that in the relatively brief period since her admission to the Bar she has at times demonstrated an inability and/or unwillingness to abide by and conform to the rules regulating the practice of law. Under all the circumstances, we censure respondent.

Cardona, P. J., Mikoll, White, Carpinello, and Graffeo, JJ., concur. Ordered that respondent is found guilty of the charges and specifications set forth in the petition, except for charges I,

V, XI, and that portion of charge XII alleging violation of Code of Professional Responsibility DR 9-102 (A) (4) (22 NYCRR 1200.46 [c] [4]); the motions by petitioner and respondent to confirm and disaffirm parts of the Referee's report are granted and denied accordingly; and it is further ordered that respondent is censured.